SOUTHERN BUILDING & LOAN ASS'N et al. v. RECTOR.

(Circuit Court of Appeals, Eighth Circuit. November 20, 1899.)

No. 1,229.

BUILDING ASSOCIATIONS—USURY—ALABAMA STATUTES.

Under the statutes of Alabama relating to building and loan associations, as construed by the supreme court of that state, such associations are exempted from the general usury laws of the state, and their contracts are not rendered usurious by the taking of premiums and interest exceeding in the aggregate the legal rate of interest.[1]

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

On the 12th day of October, 1894, H. M. Rector, the appellee and defendant below, executed to the Southern Building & Loan Association of Huntsville, Alabama, one of the appellants and plaintiffs below, an obligation, of which the following is a copy:

"The Southern Building and Loan Association.

"$6,500.00. Huntsville, Ala., October 12th, 1894.

"Six years after date, I, Henry M. Rector, promise to pay to the Southern Building and Loan Association, a corporation duly chartered under the laws of the state of Alabama, with its principal place of business in the city of Huntsville, in said state, at its office in said city, the sum of sixty-five hundred dollars, with interest thereon at the rate of five per centum per annum, paya-

---

[1] Statutory exemptions from operation of usury laws, see note to Andruss v. Association, 36 C. C. A. 343.

ble monthly, on or before the 5th day of each month, and a premium of five per centum per annum, payable monthly, on or before the 5th day of each month, for a loan made to me, under my application, bearing date the 20th day of September, 1894, on 130 membership shares in said association, evidenced by certificate No. 10,729 for 130 shares, issued on the 24th day of September, 1894; and I hereby transfer, assign, and set over as collateral security to said association, for the payment of said sum loaned to me, and for the payment of the monthly installments on said shares, interest, and premium required of me, said 130 membership shares in said association. And it is stipulated that, in the event I make default in the payment of said installments, interests, premiums, or fines to said association for a period of three months, then this bond shall mature and become payable, and I hereby authorize said association to cancel said shares, and the same shall be thereby forfeited.

"Witness my hand and seal.                    H. M. Rector. [Seal.]
"Witness: F. S. Mallory."

On the same day Rector conveyed to Joseph Martin, one of the appellants and plaintiffs below, as trustee, certain real estate in Hot Springs, Ark., in trust to secure the payment of the obligation. This is a suit in equity to foreclose the deed of trust. The circuit court found and decreed "that the note and mortgage sued on are usurious under the laws of Alabama," and rendered a decree for the principal sum of the mortgage debt, less payments only. From this decree the plaintiffs appeal to this court.

J. W. House and Lawrence Cooper, for appellants.

Sterling R. Cockrill (Ashley Cockrill, on the brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Is the contract valid under the laws of Alabama? This is the only question in the case. The contract was made and was to be performed in the state of Alabama, and its validity and legal effect must be determined by the laws of that state. The brief of the learned solicitors for the appellee contains an exhaustive and instructive review of the authorities on the question as to whether the contracts of the institutions commonly known as "building and loan associations" are usurious. It is earnestly contended that the appellant in this case has assumed the name of building and loan association, and adopted some of the methods of such associations, as a mere cover for taking usury; that in fact it is not, in the proper sense of that term, a building and loan association at all, but an association for lending money at usurious rates of interest. If we were at liberty to consider this case upon principle, and apart from the laws of Alabama, we might find it difficult to answer counsel's contention. But the validity and legal effect of this contract must be tested by the laws of Alabama, and the decisions of the supreme court of that state construing those laws, and not by the laws and decisions of other states. Applying that test, we find that under the laws of Alabama, as construed by the supreme court of that state, the contract in suit is not usurious. Contracts of building and loan associations identical with the one here in suit have uniformly been held valid by the supreme court of that state. The case of Sheldon v. Association (Nov. term, 1898) 25 South. 820, contains a full discussion and consideration of the question whether contracts of building and loan associations, like

the one here in suit, are usurious under the laws of Alabama, and holds that they are not. We refer to the case without quoting from it. At the same term, in a case involving the same questions, to which the appellant in the case at bar was a party,—Johnson v. Association (Ala.) 26 South. 201,—the decree of the lower court, which was in its favor, was affirmed on the authority of Sheldon v. Association. The court holds, in substance, that contracts of building and loan associations in that state, like the one in suit, are exempted from the operation of the general usury laws of the state, and that under the laws of the state regulating such associations and defining their powers, and under their charters, they may lawfully stipulate for the payment of all sums called for by the contract in suit. It is but fair to the lower court to say that these late decisions of the supreme court of Alabama were not brought to its attention. The case of Johnson v. Association is not officially reported, and was brought to our attention by certified copy of the opinion of the supreme court. The decree of the circuit court is reversed, and the cause remanded, with instructions to render a decree in favor of the appellants for such sum as may be found to be due on the contract in suit, treating it as valid, and not usurious. It is so ordered.